# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA
# CIRCUIT

| | |
|---|---|
| STAKER & PARSONS COMPANIES, ) | |
| ) | |
| *Petitioner*, ) | |
| ) | |
| v. ) | PETITION FOR REVIEW: 25-1118 |
| ) | |
| FEDERAL MINE SAFETY AND HEALTH REVIEW COMMISSION and UNITED STATES DEPARTMENT OF LABOR, ) | |
| ) | |
| *Respondents*. ) | |

## PETITION FOR REVIEW

Pursuant to Rule 15(a) of the Federal Rules of Appellate Procedure and the Federal Mine Safety and Health Act of 1977 (the "Mine Act"), 30 U.S.C. § 816(a), Staker & Parsons Companies ("Petitioner" or "Staker") hereby petitions the United States Court of Appeals for the District of Columbia for review of the Order of the Federal Mine Safety and Health Review Commission ("Respondent" or the "Commission") in the matter styled *Secretary of Labor, Mine Safety and Health Administration (MSHA) v. Staker & Parsons Companies*, Docket No. WEST 2025-0013, A.C. No. 42-014520599648, dated April 1, 2025. The Order is attached as Exhibit A.

This Court has jurisdiction over this matter pursuant to 30 U.S.C. § 816(a)(1). Petitioner is adversely affected and aggrieved by the Commission's Order. In the Order, the Commission refused to permit Petitioner to contest – under Section 105(a) of the Mine Act, 30 U.S.C. § 815(a) –an order and a penalty assessment by denying Petitioner's Motion to Reopen.

WHEREFORE, Petitioner respectfully prays that this Court review and set aside the Order of the Commission, and to receive any further relief to which it may be entitled.

Dated: May 1, 2025

                                                    Respectfully Submitted,

                                                    HUSCH BLACKWELL LLP

                                                    /s/ R. Brian Hendrix
                                                R. Brian Hendrix
District of Columbia Bar No. 469475
1801 Pennsylvania Avenue, N.W.
Suite 1000
Washington, D.C. 20006-3606
(202) 378-2417 (direct)
(202) 378-2319 (facsimile)
brian.hendrix@huschblackwell.com

Attorneys for Petitioner

:

# CERTIFICATE OF SERVICE

I certify that on May 1, 2025, the foregoing Petition For Review was filed electronically using the Court's CM/ECF system. In addition, a copy of the Petition for Review was served by first class mail, postage prepaid, upon the following parties of interest:

    Federal Mine Safety and Health Review Commission
    1331 Pennsylvania Ave., NW, Suite 520N
    Washington, DC 20004-1710

    Civil Penalty Compliance Office
    Office of Assessments
    Mine Safety and Health Administration
    201 12th Street South, Suite 401
    Arlington, VA 22202-5450

    Thomas A. Paige
    Acting Associate Solicitor,
    Deputy Associate Solicitor, and
    Acting Trials and Appellate
    Counsel
    Office of the Solicitor, Division
    of Mine Safety and Health
    U.S. Department of Labor
    Office of the Solicitor
    201 12th Street South, Suite 500
    Arlington, VA 22202-5450

                                          R. Brian Hendrix
                                          Attorney for Petitioner

EXHIBIT A

April 1, 2025

| | |
|---|---|
| SECRETARY OF LABOR<br>  MINE SAFETY AND HEALTH<br>  ADMINISTRATION (MSHA),<br><br>             v.<br><br>STAKER & PARSON COMPANIES | Docket No. WEST 2025-0013<br>A.C. No. 42-01452-599648 |

BEFORE:  Jordan, Chair; Baker and Marvit, Commissioners

## ORDER

BY:  Jordan, Chair, and Baker, Commissioner

      This matter arises under the Federal Mine Safety and Health Act of 1977, 30 U.S.C. § 801 et seq. (2018) ("Mine Act").  On October 25, 2024, the Commission received from Staker & Parson Companies ("S&P") a motion seeking to reopen a penalty assessment that had become a final order of the Commission pursuant to section 105(a) of the Mine Act, 30 U.S.C. § 815(a).[1]

      Under section 105(a) of the Mine Act, an operator who wishes to contest a proposed penalty must notify the Secretary of Labor no later than 30 days after receiving the proposed penalty assessment.  If the operator fails to notify the Secretary, the proposed penalty assessment is deemed a final order of the Commission.  30 U.S.C. § 815(a).

      We have held, however, that in appropriate circumstances, we possess jurisdiction to reopen uncontested assessments that have become final Commission orders under section 105(a). *Jim Walter Res., Inc.,* 15 FMSHRC 782, 786-89 (May 1993) ("*JWR*").  In evaluating requests to reopen final orders, the Commission has found guidance in Rule 60(b) of the Federal Rules of Civil Procedure, under which the Commission may relieve a party from a final order of the Commission on the basis of mistake, inadvertence, excusable neglect, or other reason justifying relief.  *See* 29 C.F.R. § 2700.1(b) ("the Commission and its Judges shall be guided so far as practicable by the Federal Rules of Civil Procedure"); *JWR*, 15 FMSHRC at 787.  We have also observed that default is a harsh remedy and that, if the defaulting party can make a showing of good cause for a failure to timely respond, the case may be reopened and appropriate proceedings on the merits permitted.  *See Coal Prep. Servs., Inc.,* 17 FMSHRC 1529, 1530 (Sept. 1995).

      Records of the Department of Labor's Mine Safety and Health Administration ("MSHA") indicate that the proposed assessment was delivered on May 20, 2024.  On May 31,

---

[1]  S&P specifically seeks to reopen Order No. 9907263.

1

2024, S&P timely contested 27 of the 28 citations contained in the assessment.[2]  The proposed assessment associated with the remaining citation (Order No. 9907263) became a final order of the Commission on June 19, 2024.  A delinquency notice was mailed to the operator on August 5, 2024, and the case was referred to the U.S. Department of Treasury for collection on October 3, 2024.

      S&P asserts that it always intended to contest all 28 citations in the proposed assessment, but inadvertently failed to check the contest box for Order No. 9907263 due to a simple clerical mistake.  The operator states that it moved to reopen the assessment after recently discovering the error, and notes that its process for contesting enforcement actions has been effective up to this point.  The Secretary opposes the motion to reopen.  He asserts that the documents submitted by the operator contradict its alleged intent to contest Order No. 9907263, and that the operator has failed to explain its delay in seeking relief after learning that the order had become final.

      Clear indicia that an operator intended to contest a citation may be relevant to whether good cause exists to reopen an assessment.  *E.g.*, *Carmeuse Lime & Stone, Inc.*, 45 FMSHRC 179, 180 (Apr. 2023).  Here, no such indicia exist.  To the contrary, the cover letter filed with S&P's contest documentation *twice* lists the citations it wished to contest, and both lists omit Order No. 9907263.  Moreover, all proposed assessments provide operators with the option of checking a box indicating that the operator "wish[es] to contest . . . all violations."  This was not checked.  Rather than checking the "contest all" box and stating in its cover letter that it wished to contest the entire assessment, S&P chose to individually identify specific citations for contest and repeatedly omitted Order No. 9907263.  This contraindicates an intent to contest all of the citations.  *Cf. St. Mary's Cement U.S., LLC*, 46 FMSHRC 1005 (Dec. 2024) (finding an operator timely contested the entire proposed assessment where it accidentally omitted a page but checked the "contest all" box).  S&P's conclusory statement that it intended to contest all 28 citations is insufficient to justify reopening.  *E.g.*, *Southwest Rock Prod., Inc.*, 45 FMSHRC 747, 748 (Aug. 2023).

      Additionally, S&P has failed to explain its delay in seeking relief.  Motions to reopen filed more than 30 days after an operator's receipt of its first notice from MSHA that it failed to timely file a notice of contest are not presumptively considered as having been filed within a reasonable amount of time.  Such motions should explain why the operator waited to file for reopening.  The lack of such an explanation is grounds for the Commission to deny the motion.  *Highland Mining Co.*, 31 FMSHRC 1313, 1316-17 (Nov. 2009).  Here, S&P filed its motion to reopen on October 28, 2024, more than two months after the August 5 delinquency notice and more than three months after the July 22 Penalty Petition in Docket No. WEST 2024-0255.[3]  However, S&P merely states that it "recently discovered that it had not contested the Order."

---

[2]  Commission proceedings have since been initiated for the 27 timely contested citations (Docket No. WEST 2024-0255).  The Secretary filed a Penalty Petition with the Commission on July 22, 2024, and S&P filed an Answer to the Petition on July 31.

[3]  As noted, Docket No. WEST 2024-0255 contains the 27 citations that the operator timely contested.  The Penalty Petition accordingly lists those 27 citations *and not* Order No. 9907263.  S&P clearly received and read the Petition, as it filed an answer on July 31, 2024.

Mot. at 2. The operator does not explain when or how it made this discovery, or why its motion was not filed until October.

Having reviewed S&P's request and the Secretary's response, we find that the operator has not provided an explanation justifying relief. Accordingly, we deny S&P's motion.

/s/ Mary Lu Jordan
Mary Lu Jordan, Chair

/s/ Timothy J. Baker
Timothy J. Baker, Commissioner

Commissioner Marvit, concurring:

I write to agree the Majority in this case for the reasons set forth below.

In *Explosive Contractors*, 46 FMSHRC 965 (Dec. 2024), I dissented and explained that Congress did not grant the Commission the authority to reopen final orders under section 105(a) of the Mine Act. The Commission's repeated invocation of Federal Rule of Civil Procedure 60(b) cannot overcome the statutory language. However, in *Belt Tech*, I explained in my concurrence that "the Act clearly states that to become a final order of the Commission, the operator must have received the notification from the Secretary." 46 FMSHRC 975, 977 (Dec. 2024) (citing *Hancock Materials, Inc.*, 31 FMSHRC 537 (May 2009)). Taken together, these opinions stand for the proposition that the Commission may not reopen final orders under its statutory grant, but an operator may proceed if it has not properly received a proposed order.

In the instant case, as the Majority recounts, the operator received the final order. The Majority denies reopening in its opinion because the operator has not alleged good cause or provided a factual accounting for its failure to timely contest the penalties. Though I believe the Commission lacks the authority to consider motions to reopen, I concur with the Majority in denying reopening in this matter.

_____
Moshe Z. Marvit, Commissioner

Distribution:

R. Brian Hendrix, Esq.
Husch Blackwell LLP
1801 Pennsylvania Ave NW, Suite 1000
Washington DC 20006-3606
brian.hendrix@huschblackwell.com

Thomas A. Paige, Esq.
Office of the Solicitor
U.S. Department of Labor
Division of Mine Safety and Health
200 Constitution Avenue NW, Suite N4428
Washington, DC 20210
Paige.Thomas.a@dol.gov

Melanie Garris
US Department of Labor/MSHA
Office of Assessments, Room N3454
200 Constitution Ave NW
Washington, DC 20210
Garris.Melanie@DOL.gov

Chief Administrative Law Judge Glynn F. Voisin
Office of the Chief Administrative Law Judge
Federal Mine Safety Health Review Commission
1331 Pennsylvania Avenue, NW Suite 520N
Washington, DC 20004-1710
GVoisin@fmshrc.gov